# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ralph Thomas,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 09-2327 (CKK)** |
| **United States of America *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff, a federal prisoner confined at the Federal Correctional Complex ("FCC") in Terre Haute, Indiana, claims that he has been deprived of adequate medical treatment because of "a long-standing custom or usage of the United States of America . . . ." Complaint for the Deprivation of Constitutional Rights Pursuant to Title 28 U.S.C. § 1331 ("Compl.") at 2. He sues the United States, the Federal Bureau of Prisons ("BOP"), and BOP's Administrator of National Inmate Appeals Harrell Watts for alleged violations of the Eighth Amendment. Plaintiff seeks monetary damages and equitable relief. Defendants move to dismiss the complaint pursuant to Rules 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure. *See* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.'s Mem.") [Dkt. # 22] at 1.

Upon consideration of the parties' submissions, the Court will grant the motion to dismiss the damages claim against the United States under Rule 12(b)(1) for lack of subject matter jurisdiction, grant the motion to dismiss the claim against Watts in his personal capacity under Rule 12(b)(6) for failure to state a claim, and permit plaintiff to show cause why the surviving claims for injunctive and declaratory relief should not be transferred to the Southern District of

Indiana. In light of this disposition, the Court will not address the remaining grounds for dismissal based on alleged deficiencies in serving Watts personally with process.[1]

## I. BACKGROUND

The allegations of the complaint are as follows. Plaintiff is a 76-year-old diabetic who "suffers from renal insufficiency." Compl. at 4. In December 2008, he sought treatment for "severe cramps all over his body" that were "debilitating." *Id*. at 4-5. A Unit Officer called Health Services, but a Physician's Assistant, who initially agreed to evaluate and treat plaintiff, allegedly left before seeing plaintiff. *Id*. at 5. He "refused to even evaluate Thomas, let alone treat his concerns." *Id*. at 6. Plaintiff's visit to Health Services allegedly occurred on a Friday afternoon before a holiday weekend; thus, he "was forced to suffer without treatment for approximately 96 hours." *Id*. at 5. In responding to plaintiff's administrative appeal of the denial of his grievance about the lack of medical care, defendant Watts allegedly "falsified an official Government document when he claimed" in July 2009 that plaintiff's medical records revealed that he had been treated for his cramps. *Id*. at 7; *see* Compl. Attach. at 29 (Response to Administrative Remedy ("Admin. Resp.")).

In the instant complaint lodged on December 8, 2009, plaintiff claims that he "does not have a difference of opinion with FCC Medical Staff on what kind of treatment he should receive," Compl. at 6, but rather he disagrees "with FCC Terre Haute Medical Staff on the claim

---

[1] Because plaintiff is proceeding *in forma pauperis*, the Court would not grant defendants' motion to dismiss the complaint against Watts based on insufficient personal service, *see* Defs.'s Mem. at 7-8, without first giving plaintiff the opportunity to provide additional information for the court officers to attempt proper service. *See* 28 U.S.C. § 1915(d) (obligating "[t]he officers of the court [to] serve all process, and perform all duties in [IFP] cases.").

2

that he has received ANY TREATMENT for his condition." *Id*. (emphasis in original). He also claims that the delay in medical treatment violated BOP policy permitting same-day treatment for urgent medical needs. *Id*. at 5-6. Plaintiff seeks an unspecified amount of monetary damages, as well as declaratory and injunctive relief. *Id*. at 12.

## II. DISCUSSION

1. Subject Matter Jurisdiction

Defendants move to dismiss under Rule 12(b)(1) on the ground that sovereign immunity bars plaintiff's Eighth Amendment claim for damages against the United States, BOP and Watts in his official capacity. Defs.' Mem. at 4-5. The claim against Watts in his official capacity is equivalent to a claim against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "[T]he United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The Federal Tort Claims Act ("FTCA") waives the United States' immunity as to certain common law torts, *see* 28 U.S.C. §§ 1346(b)(1), 2679(b), but not constitutional tort claims, *see FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984). Therefore, the Court will grant defendants' motion to dismiss the constitutional claim for damages against the United States, BOP and Watts in his official capacity under Rule 12(b)(1) for lack of subject matter jurisdiction.

2. Failure to State a Claim Against Watts

Defendants move under Rule 12(b)(6) to dismiss the constitutional claim against Watts in his individual capacity, arguing, *inter alia*, that it is based on an impermissible theory of

3

respondeat superior. Defs.' Mem. at 8-10. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). To be held liable, however, the official must have participated personally in the alleged wrongdoing. Liability cannot be based on a theory of vicarious liability, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1948 (2009) ("vicarious liability is inapplicable to *Bivens* . . . suits"), or a theory of respondeat superior. *Id*.; *see Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (concluding that a complaint naming Attorney General and the BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, did not state *Bivens* claim against them); *Epps v. U.S. Att'y Gen.*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008) ("A superior official cannot be held liable under . . . *Bivens* for the constitutional torts of employees under him or her; the common law theory of respondeat superior does not pertain to the federal government in this context.") (citing *Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996)).

In his one-page response to plaintiff's appeal to BOP's Central Office, Watts stated that "[r]elevant portions of [plaintiff's] medical record have been reviewed which reveal you have received treatment for your complaints of body cramps." Admin. Resp. Watts explained that the medical record showed that plaintiff was "evaluated, prescribed appropriate medication, and provided education regarding treatment of [his] condition," and that "the record reflects you are receiving medical care and treatment in accordance with Bureau policy." *Id*. Plaintiff alleges that Watts "falsified an official Government document" Compl. at 7, but he does not state in

4

what way. Furthermore, the claim against Watts, predicated only on his issuance of an adverse decision on plaintiff's administrative appeal, does not establish the requisite personal involvement of Watts in any decisions about plaintiff's medical care. Watts therefore cannot be held liable under *Bivens* for the alleged acts or omissions of medical staff at FCC Terre Haute. *See Gonzalez v. Holder*, — F. Supp. 2d —, 2011 WL 44210, at * 4 (D.D.C., Feb. 8, 2011) ("[A] prison official's decision on an inmate grievance with respect to an alleged constitutional violation does not itself render him personally liable under *Bivens*.") (citing cases).

### 3. Plaintiff's Claim for Injunctive Relief

Plaintiff does not state what type of injunctive relief is sought, but it is presumed that he seeks to compel prison officials at FCC Terre Haute to provide adequate medical treatment for his chronic ailments. This claim brought directly under the Eighth Amendment is not foreclosed. *See Corr. Servs. Corp.*, 534 U.S. at 74 (recognizing that a lawsuit for "injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally."); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (concluding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.") (citations and footnotes omitted). Because plaintiff genuinely disputes that he has received proper treatment for his ailments, the Court cannot conclude based only on defendants' argument, *see* Defs.' Mem. at 10-11, that plaintiff has stated no Eighth Amendment claim for injunctive relief.

5

Nevertheless, this venue is not a convenient forum for litigating plaintiff's disputes with prison officials in Terre Haute about his medical care. Under 28 U.S.C. § 1404(a), the Court may transfer a case in the interest of justice "for the convenience of parties and witnesses . . . to any other district . . . where it might have been brought." In doing so, the Court considers such factors as (1) the difficulty of transporting the prisoner for court proceedings, (2) the availability of witnesses and files, (3) the speed of resolution of the case, and (4) whether the case involves issues of national policy. *Starnes v. McGuire*, 512 F.2d 918, 929-33 (D.C. Cir. 1974).

The Court does not have sufficient information to address the speed of resolution, and although plaintiff claims that the alleged deprivation is because of "a long-standing custom or usage of the United States of America," Compl. at 2, he has not described any such behavior emanating from BOP headquarters to invoke national policy. Thus, factors three and four are negligible to the Court's analysis. The remaining two factors, however, weigh heavily in favor of transferring the case to the judicial district of plaintiff's confinement where the pertinent witnesses and files are located and where plaintiff's transport to court, if required, would be far less taxing and costly. However, "before ordering transfer[,] the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a)." *Starnes*, 512 F.2d at 934. Although the Court finds it in the interests of justice to transfer what is left of this case to the Southern District of Indiana, it will permit plaintiff time to respond.

## III. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss the damages claim against the United States, BOP and Watts in his official capacity under Rule 12(b)(1), and grants their motion to dismiss the *Bivens* claim against Watts in his personal capacity under Rule 12(b)(6). The Court finds it in the interests of justice to transfer the remaining claims for injunctive and declaratory relief to the United States District Court for the Southern District of Indiana, but will defer such action pending plaintiff's response or the expiration of the deadline for him to respond. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: April 29, 2011